UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, and BROADWING COMMUNICATIONS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ILLINOIS BELL TELEPHONE COMPANY, et al., | ) ) ) |
| Defendants. | ) |

No. 4:13-CV-1080 (CEJ)

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Illinois Bell Telephone Company (AT&T Illinois), Indiana Bell Telephone Company (AT&T Indiana), Michigan Bell Telephone Company (AT&T Michigan), Ohio Bell Telephone Company (AT&T Ohio), and Southern New England Telephone Company (AT&T Connecticut) (collectively, "movants"),[1] to dismiss the claims of plaintiff Broadwing Communications, LLC (Broadwing) for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiffs filed a response in opposition and the issues are fully briefed.

I.  Background

Plaintiffs Level 3 Communications, LLC (Level 3) and Broadwing are competitive local exchange carriers (CLECs) and movants are incumbent local exchange carriers (ILECs), all of whom provide telecommunication services to customers. Because ILECs were once state-regulated monopolies, the Communications Act of 1934, 47 U.S.C. §§ 151, *et seq.*, was enacted in order to require ILECs to provide interconnection to CLECs

---

[1] Defendants Pacific Bell Telephone Company, Nevada Bell Telephone Company, Southwestern Bell Telephone Company, and Wisconsin Bell, Inc. did not join in this motion.

at cost-based rates. See 47 U.S.C. §§ 251(c)(2), 252(d). Interconnection is the physical act of linking the network lines of two carriers so that CLEC customers can send communications to ILEC customers. In order to ensure compliance with the Act, the plaintiffs individually entered into interconnection agreements (ICAs) with each of the movants.

Plaintiffs Level 3 and Broadwing filed this action alleging that the defendants violated the Act and breached their respective ICAs by charging higher rates. In the instant motion, movants argue that the claims brought by Broadwing should be dismissed for lack of personal jurisdiction. Movants do not challenge the jurisdiction of Level 3's claims because the ICAs between movants and Level 3 contain specific provisions consenting to jurisdiction in Missouri.

## II. Legal Standard

A plaintiff has the burden of establishing that personal jurisdiction exists over a non-resident defendant. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102, 1102 (8th Cir. 1996). In opposing a motion to dismiss, a plaintiff need only make a prima facie showing of jurisdiction. Wessels, Arnold & Henderson v. National Med. Waste, Inc., 65 F.3d 1427, 1431 (8th Cir. 1995); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991). To determine whether the plaintiff has made such a showing, "the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor." Id. When a district court's jurisdiction over a defendant is challenged, "the court may inquire, by affidavits or otherwise, into the facts as they exist." Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (quoting Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

Two prerequisites must be met to establish personal jurisdiction over a nonresident defendant. The forum state's long-arm statute must be satisfied and the due process clause must not be violated. St. Jude Medical, Inc. v. Lifecare Int'l, Inc., 250 F.3d 587, 591 (8th Cir. 2001). Missouri has construed its long-arm statute[1] to confer jurisdiction to the fullest extent permitted by the United States Constitution. See FDIC v. Malmo, 939 F.2d 535, 537 (8th Cir. 1991); State ex rel. Newport v. Wiesman, 627 S.W.2d 874, 876 (Mo. 1982). Because the Missouri long-arm statute confers jurisdiction to the limits of due process, the issue in this case is whether the exercise of personal jurisdiction over A T&T Illinois, AT&T Indiana, AT&T Michigan, AT&T Ohio, and AT&T Connecticut would violate due process. See Lakin v. Prudential Securities, Inc., 348 F.3d 704, 707-08 (8th Cir. 2003); Porter v. Berall, 293 F.3d 1073, 1075 (8th Cir. 2002).

To satisfy due process, a defendant must have sufficient minimum contacts with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004); see also International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980). There must be some act by which the defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Personal jurisdiction may

---

[1] Missouri's long-arm statute, § 506.500, Mo.Rev.Stat., grants personal jurisdiction over individuals or corporations that commit one of the following acts within Missouri: (1) transact business, (2) make a contract, (3) commit a tortious act, (4) own, use or possess real estate, (5) contract to insure any person, property or risk located in Missouri, or (6) engage in sexual intercourse in the state with the mother of a child on or near the probable time of that child's conception.

be general or specific. Specific jurisdiction exists when a cause of action arises out of or is related to a defendant's contacts with the forum state; when the cause of action does not arise out of the defendant's contacts, general jurisdiction exists, but only if the defendant's contacts with the state are systematic and continuous. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8-n.9 (1984)).

III.   Discussion

Movants argue that Broadwing should not be permitted to bring its claims against them in this forum because they never consented to being sued by Broadwing in Missouri and because they lack any contacts with Missouri. Broadwing does dispute either of these arguments. Instead, Broadwing contends that the doctrine of pendent personal jurisdiction and the concept of permissive joinder permits the Court to hear its claims despite Broadwing's inability to establish personal jurisdiction over movants.

Broadwing specifically argues that because this Court has personal jurisdiction over Level 3's claims, the Court can also exercise personal jurisdiction over Broadwing's claims since all the claims share the same nucleus of operative facts. The Court disagrees. Pendent personal jurisdiction applies when a plaintiff alleges at least one claim giving rise to personal jurisdiction and the court decides to exercise jurisdiction over the plaintiff's other claims because they all share the same nucleus of operative facts. See U.S. v. Botefuhr, 309 F.3d 1263, 1272 (10th Cir. 2002). Pendent personal jurisdiction does not stand for the proposition that a second plaintiff can essentially "piggyback" onto the first plaintiff's properly established personal jurisdiction. Regardless of the doctrine of pendent personal jurisdiction, specific or general personal jurisdiction must be established for each defendant. See Sun World

Lines, Ltd. v. March Shipping Company, 585 F. Supp. 580 (E.D. Mo. 1984) (The court exercised pendent personal jurisdiction over a claim *after* the court *had already* determined that it had personal jurisdiction over all of the defendants) (emphasis added); CE Distribution, LLC, v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004) (same); General Star Indemn. Co. v. Anheuser-Busch, 199 F.3d 1322, 1322 (2d Cir. 1999) ("The district court, having acquired personal jurisdiction over defendant, has power to determine all of the claims asserted in the complaint."). Thus, the theory of pendent personal jurisdiction cannot be use to bypass a plaintiff's responsibility to first establish personal jurisdiction.

Broadwing additionally argues that pursuant to permissive joinder under Fed.R.Civ.P. 20(a)(1), it can bring suit against movants in this forum because its claims arise out of the same series of occurrences and raise common questions of law as Level 3's claims. Again, the Court disagrees. It is well-established that the requirement for personal jurisdiction cannot be bypassed by proving proper joinder. See Lamar v. American Basketball Ass'n, 468 F.Supp. 1198, 1200 (D.C.N.Y. Apr. 12. 1979) (joinder does not dispense of the need to establish personal jurisdiction); Block Industries v. DHJ Industries, Inc., 495 F.2d 256, 259 (8th Cir. 1974) ("While permissive joinder . . . is . . . liberally construed in federal practice, personal jurisdiction must in each case be tested[.]").

In dealing with the same joinder argument as presented here, the court in Executone of Columbus, Inc. v. Inter-Tel, Inc., 2006 WL 3043115 (S.D. Ohio Oct. 4, 2006), held:

> If the law as were the Plaintiffs state, then for a defendant to be subject to specific jurisdiction on one claim by one plaintiff would suddenly make him vulnerable to general jurisdiction as to all other parties who arguably

have claims arising out of the same transaction or occurrence with common questions of fact or law. *This would unfairly allow Plaintiffs to bypass the requirements of personal jurisdiction.* Thus, for the out-of-state Plaintiffs to continue their action against [defendant] in this Court, it must be subject to general [or specific] jurisdiction.

Id. at *6 (emphasis added).

Thus, regardless of whether it may be more convenient or efficient for Broadwing to litigate its claims with Level 3 in this forum, the Court cannot ignore the fact that Broadwing must establish personal jurisdiction over each non-resident defendant. The concepts of pendant personal jurisdiction and permissive joinder do not serve as a means to evade the requirement that specific or general jurisdiction must be established.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss the claims of plaintiff Broadwing Communications, LLC against defendants Illinois Bell Telephone Company, Indiana Bell Telephone Company, Michigan Bell Telephone Company, Ohio Bell Telephone Company, and Southern New England Telephone Company, for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) [Doc. #14] is **granted**.

An order of partial dismissal is filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2014.