UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, and BROADWING COMMUNICATIONS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ILLINOIS BELL TELEPHONE COMPANY, et al., | ) ) ) |
| Defendants. | ) |

No. 4:13-CV-1080 (CEJ)

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Broadwing Communications, LLC (Broadwing), for reconsideration of the Court's dismissal of its claims against Illinois Bell Telephone Company (AT&T Illinois) and Michigan Bell Telephone Company (AT&T Michigan). Defendants have not filed a response, and the time for doing so has expired.

On January 7, 2014, this Court dismissed Broadwing's claims against AT&T Illinois and AT&T Michigan for lack of personal jurisdiction. [Doc. #31]. In the instant motion, Broadwing does not challenge the Court's decision regarding personal jurisdiction. Instead, Broadwing requests that its claims against AT&T Illinois and AT&T Michigan be severed from this action, rather than dismissed, and that they be transferred to forums where personal jurisdiction is proper. Broadwing argues that this will prevent AT&T Illinois and AT&T Michigan from asserting a statute of limitations defense.

Courts typically dismiss parties who are not subject to its jurisdiction. St. Paul Fire & Marine Ins. Co. v. Servidone Constr. Corp., 778 F. Supp. 1496, 1507 (D. Minn. Nov. 22, 1991). However, the United States Supreme Court has held that pursuant to 28 U.S.C. § 1406, courts have the discretionary power to transfer actions, instead of

dismissing them, when personal jurisdiction is lacking. Id. at 1507-1508 (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-467 (1962); 28 U.S.C. § 1406 ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")); see also 28 U.S.C. § 1404(a) ("in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

In a multiple defendant case where a court does not have personal jurisdiction over some of the defendants, a court may sever the claims against those defendants, transfer the claims to a different federal district where they could originally have been brought, and then proceed with the remaining claims over which it does have jurisdiction. Servidone Constr. Corp., 778 F. Supp. at 1508 (citing Thee v. Marvin Glass & Assocs., 412 F.Supp. 1116, 1119-1121 (E.D.N.Y. May 4. 1976); Fed.R.Civ.P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The Court may also sever any claim against a party.")).

The Court finds that the refiling of Broadwing's claims against AT&T Illinois and AT&T Michigan in different jurisdictions could prevent those claims from being adjudicated on their merits if those courts determine Broadwing's claims to be time-barred under the statute of limitations. Thus, in the interests of justice, Broadwing's claims against AT&T Illinois and AT&T Michigan should be severed and transferred so that they will, without question, relate back to the June 7, 2013 filing of this lawsuit. See Cardinal v. Walker, 2013 U.S. Dist. LEXIS 18031, *8-9 (D. Minn. Jan. 11, 2013) ("[A] court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense."); Hempstead County & Nevada County

Project v. EPA, 700 F.2d 459, 462-63 (8th Cir. 1983) (action was transferred because statute of limitations would have precluded refiling in another court).

Broadwing requests that the Court transfer its claims against AT&T Illinois to the United States District Court for the Northern District of Illinois and its claims against AT&T Michigan to the United States District Court for the Northern District of Texas. Because AT&T Illinois is an Illinois corporation with its principal place of business in Illinois, the United States District Court for the Northern District of Illinois is a proper forum. AT&T Michigan has availed itself to the jurisdiction of the United States District Court for the Northern District of Texas by filing suit against Broadwing in that court. See Southwestern Bell, et al. v. Level 3 Communications, LLC et al., Case No. 3:13-CV-2844 (N.D. Tex.); see also Int'l Transactions, Ltd. v. Embotelladora Agral Regionmontana S.A. de C.V., 277 F. Supp.2d 654, 659 (Under Texas law, "[v]olutarily filing a lawsuit in a jurisdiction is a purposeful availment of the jurisdiction's facilities and can subject a party to personal jurisdiction in another lawsuit when the lawsuits arise from the same general transaction."). Thus, the Court finds transfer to these forums appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of plaintiff, Broadwing Communications, LLC, to reconsider, sever claims, and transfer [Doc. #33] is **granted**.

**IT IS FURTHER ORDERED** that the dismissal of Illinois Bell Telephone Company and Michigan Bell Telephone Company in the order entered on February 4, 2014 [Doc. ##35, 36] is **vacated**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to transfer the claims of Broadwing Communications, LLC against Illinois Bell Telephone Company, as

set forth in the complaint [Doc. #1], to the United States District Court for the Northern District of Illinois.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to transfer the claims of Broadwing Communications, LLC against Michigan Bell Telephone Company, as set forth in the complaint [Doc. #1], to the United States District Court for the Northern District of Texas.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2014.