UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEVEL 3 COMMUNICATIONS, LLC, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:13-CV-1080 (CEJ) |
| ILLINOIS BELL TELEPHONE COMPANY, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for reconsideration and/or clarification of the April 10, 2017 order pertaining to the parties' cross motions for summary judgment on Phase I issues. Plaintiffs have responded in opposition and the issues are fully briefed.

I. **Background**

In a Memorandum and Order filed on April 10, 2017, the Court granted in part and denied in part the parties' cross motions for summary judgment on Phase I issues arising from plaintiffs' allegations that defendants breached interconnection agreements ("ICAs") and violated the Telecommunications Act of 1966. In the instant motion, defendants' request reconsideration of whether 47 U.S.C. § 415 can be tolled by private agreement as a matter of law and seek clarification of the Court's conclusion that the Level 3 and Broadwing Texas ICAs required those plaintiffs to bring their claims within 12 months of the Supreme Court's decision in *Talk America, Inc. v. Michigan Bell Tel. Co.*, 564 U.S. 50, 63, 131 S. Ct. 2254, 2263, 180 L. Ed. 2d 96 (2011).

## II. **Legal Standard**

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). And although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. *See Thunder Basin Coal Co., L.L.C. v. Zurich Am. Ins. Co.*, 2013 WL 6410012, at *1 (E.D. Mo. Dec. 9, 2013); *Trickey v. Kaman Indus. Techs. Corp.*, 2011 WL 2118578, at * 1–2 (E.D. Mo. May 26, 2011); *Jiang v. Porter*, 2016 WL 193388, at *1 (E.D. Mo. Jan. 15, 2016) (applying Rule 54(b) to a motion to reconsider the denial of a motion to dismiss). Specifically, Rule 54(b) states that:

> [A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

"'The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil [P]rocedure 60(b).'" *Painters Dist. Council No. 58 v. RDB Universal Servs., LLC*, No. 4:14-CV-01812 (ERW), 2016 WL 4368098, at *2 (E.D. Mo. Aug. 16, 2016) (quoting *Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill.*, 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004)). Furthermore, the

provision affords district courts "substantial discretion" to reconsider prior interlocutory orders. *Robinson Mech. Contractors Inc. v. PTC Grp. Holding Corp.*, No. 1:15-CV-77 (SNLJ), 2017 WL 386541, at *2 (E.D. Mo. Jan. 27, 2017).

Under Rule 54(b), a court may reconsider an interlocutory order to "'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada*, No. 4:00-CV-1073 (CEJ), 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)); *see Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). In particular, a motion to reconsider may be granted if the earlier decision "(1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a 'controlling or significant change in law' since the issues were submitted to the Court.'" *Trickey*, 2011 WL 2118578, at *2 (quoting *Westinghouse Elec. Co. v. United States*, No. 4:03-CV-861, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009)); *see also Pet Quarters, Inc. v. Ladenburg Thalmann and Co., Inc.,* No. 4:04-CV-00697-BRW, 2011 WL 1135902, at *1 (E.D. Ark. Mar. 28, 2011) (reasoning that an "intervening change in the controlling law is a recognized ground for granting a motion for reconsideration").

A motion to reconsider under Rule 54(b), however, is "not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V- Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *see also Evans v. Contract Callers, Inc.*, No. 4:10-CV-2358 (FRB), 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) ("Although the Court has the power to revisit prior decisions of its own . . . in any circumstance, [it]

- 3 -

should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." (internal quotation marks and citation omitted; formatting in original)). Finally, "when evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey*, 2011 WL 2118578, at *2 (citing *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co.*, No. 3:09-CV-5078 (DGK), 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010)).

### III. Discussion

Defendants' request reconsideration and/or clarification on two points: (1) whether as a matter of law 47 U.S.C. § 415 can be tolled by private agreement, and (2) the Court's conclusion that the Level 3 and Broadwing Texas ICAs required those plaintiffs to bring their claims within 12 months of the Supreme Court's decision in *Talk America*.

#### A. Application of 47 U.S.C. § 415(b)

Defendants have first requested reconsideration of their argument that the §415(b) limitation period cannot be tolled by private agreement. The Court briefly touched on this provision during the Memorandum and Order, but will **grant** defendants' motion and further clarify its rationale.

In previous decisions, the Eighth Circuit has ruled that plaintiffs' claims are subject to the two-year statute of limitations, 47 U.S.C. § 415(b), which provides: "[a]ll complaints against carriers for the recovery of damages not based on overcharges shall be filed with the Commission within two years from the time the

cause of action accrues, and not after, subject to subsection (d) of this section." *See Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009)(citing 47 U.S.C. § 415(b)). Defendants argue that plaintiffs' claims are barred to the extent they arose more than two years before this action commenced on June 7, 2013. Defendants rely on *In the Matter of Am. Cellular Corp. & Dobson Cellular Sys., Inc., Complainants*, 22 F.C.C. Rcd. 1083 (2007), and *In the Matter of Operator Commc'ns, Inc., Complainant*, 20 F.C.C. Rcd. 19783 (2005) in support of their argument. In both cases, the FCC decided that there was no tolling of the statute of limitations in 47 U.S.C. § 415(b) absent fraud or deceit by the defendant. *Am. Cellular*, at 1090; *Operator Commc'ns, Inc.,* at 19788. However, two years later in *Firstcom,* the Eighth Circuit upheld a denial of the doctrine of equitable tolling, not based upon the FCC's determination that there is no tolling of the 47 U.S.C. § 415(b) statute of limitations absent fraud or deceit, but because the party was unable to demonstrate that it was entitled to equitable tolling. 555 F.3d at 674–75. In making this determination the Eighth Circuit denied equitable tolling on the grounds that the delay in bringing action was attributable to the losing parties' own actions, and that the circumstances that prevented filing of the claim was not beyond the control of the losing party. *Id.* at 675.

Here, the parties specifically agreed to reserve their rights, remedies, and arguments with respect to the Triennial Review Remand Order. Issues relevant to this matter arising from the Triennial Review Remand Order were resolved and clarified in *Talk America*. [Doc. #84-2, pp. 59-61, § 21.1]. In addition, plaintiffs disputed the billing charges made by defendants during the relevant time period and timely filed their claims pursuant to 47 U.S.C. §415(b) following the

clarification of rights in *Talk America*; meeting the standard promulgated in *Firstcom* to establish equitable tolling. Furthermore, courts within the Eighth Circuit have previously permitted 47 U.S.C. § 415 to be tolled via a written agreement. *See Cent. Scott Tel. Co. v. Teleconnect Long Distance Servs. & Sys. Co.*, 832 F. Supp. 1317, 1321 (S.D. Iowa 1993) (relying on a tolling agreement to establish the limitations period under 47 U.S.C. §415). Accordingly, the Court finds that as matter of law 47 U.S.C. § 415 can be tolled by private agreement.

This Court has already determined that the plaintiffs' reservation of rights in the ICA tolled their claim until the Supreme Court resolved the dispute in *Talk America*. In the April 10 Memorandum and Order, this Court provided that "[t]he occurrence which gave rise to the dispute was the Supreme Court's decision in *Talk America* per the reservation of rights and remedies embedded in the parties' ICAs." [Doc. #110, p. 24]. Thus, the date by which the plaintiffs' claim accrued was June 9, 2011, the date on which *Talk America* was decided, because the parties explicitly decided to reserve their rights and remedies under the interconnection agreements. Plaintiffs filed their claims in this matter on June 7, 2013, less than two years after the *Talk America* decision, and within the two-year time frame provided under 47 U.S.C. §415(b). Accordingly, the Court finds that plaintiffs' claim is not barred by the statute of limitations provided under 47 U.S.C. § 415(b) because the parties tolled the statutory provision through the interconnection agreements.

### B. Twelve-Month Contractual Limitations Period

Both plaintiffs and defendants have requested clarification of the Court's order regarding the extent plaintiffs' claims are barred under the Level 3 and Broadwing Texas interconnection agreements. The Level 3 ICAs, as well as the

Broadwing Texas ICA provide that "[n]o claims, under this Agreement or its Appendices, shall be brought for disputed amounts more than twelve (12) months from the date of the occurrence which gives rise to the dispute." [Doc. #84-2, p. 38, § 10.1; Doc. #84-19, p. 27, § 11.8.1]. The Broadwing Texas ICA further provides that: "Notwithstanding anything contained in this Agreement to the contrary, a Party shall be entitled to dispute only those charges which appeared on a bill date dated within the twelve (12) months immediately preceding the date on which the Billing Party receives notice of such dispute." [Doc. #84-19, p. 27, § 11.8.1].

In the instant case, the date of the occurrence which gave rise to the dispute was the *Talk America* decision on June 9, 2011 because the applicability of the dispute provisions were tolled until *Talk America* was decided. Thus, on June 9, 2011, all of plaintiffs' claims were timely because the parties had reserved their rights and remedies pursuant to the interconnection agreements. Under the terms of the Level 3 and Broadwing Texas ICAs, plaintiffs were therefore required to present their billing disputes within twelve months of the decision in *Talk America* on June 9, 2011. Plaintiffs brought this action on June 7, 2013, more than twelve months after the decision in *Talk America*. Thus, on June 9, 2012, twelve months after the decision in *Talk America*, the billing disputes under the Level 3 and Broadwing Texas ICAs that were tolled became untimely. Accordingly, all billing disputes that were tolled until *Talk America* but not filed before June 9, 2012 are untimely and barred. Furthermore, all billing disputes occurring more than twelve months before June 7, 2013 are also untimely pursuant to the Level 3 and

Broadwing Texas ICAs and are therefore also barred.  All billing disputes occurring within twelve months of June 7, 2013 are timely and are not barred.

*   *   *   *   *

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for reconsideration and/or clarification of the April 10, 2017 Memorandum and Order [Doc. #112] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs' claim is not barred by the statute of limitations provided under 47 U.S.C. §415(b).

**IT IS FURTHER ORDERED** that all Level 3 and Broadwing Texas billing disputes that were tolled until *Talk America* but not filed before June 9, 2012 are untimely and barred.

**IT IS FURTHER ORDERED** that all Level 3 and Broadwing Texas billing disputes occurring more than twelve months before June 7, 2013 are untimely pursuant to the Level 3 and Broadwing Texas ICAs and therefore barred.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2017.